# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) WARREN CAPITAL CORPORATION, an Oklahoma Corporation<br><br>           Plaintiff,<br><br>vs.<br><br>(1) JESSE T. HOLLAND, (2) KATIE A. HOLLAND, (3) WILLIAM F. ELDER, Individuals, and (4) KTW Oil & Gas, LLC, a foreign limited liability company.<br><br>           Defendants. | Case No.: 14-CV-236-TCK-TLW |

## COMPLAINT

Plaintiff Warren Capital Corporation, through its counsel, brings this Complaint for damages, jointly and severally against all named Defendants herein. Warren states its causes of action as follows:

### JURISDICTION AND VENUE:  BACKGROUND FACTS

1. Warren Capital Corporation ("Warren" or "Plaintiff") is an Oklahoma corporation with its principal place of business in Tulsa, Oklahoma.

2. Each of the following material activities to the present action occurred within the State of Oklahoma.

3. On the effective date of October 11, 2011, Jesse Holland, the Managing Member, and Warren Capital Corporation entered into an Operating Agreement with the Kansas limited liability company known as Little Creek Oil, LLC (hereinafter referenced as "LCO").

4. Jesse Holland and Warren Capital Corporation are the only two members of Little Creek Oil, LLC.

5. Warren Capital Corporation was signatory to the LCO Operating Agreement, through its President Randall W. Nelson.

6. According to the Operating Agreement, LCO was organized for the business purpose of "acquir[ing] a portion of the working interests in projects involving multiple leases, which will result in oil and/or gas production."

7. Subsequently an Amended Restated LCO Operating Agreement was entered on July 23, 2013, in order to memorialize additional capital contributions by Plaintiff. No changes were made to the business purpose or essential functions of Jesse Holland as a part of the Amendments.

8. Meetings to discuss LCO's management and contributions between Jesse Holland and the Plaintiff's President, Randall Nelson, have occurred on a regular basis at Warren's offices in Tulsa, OK.

9. Numerous business meetings have occurred within the State of Oklahoma.

10. LLC documents, including the LCO Operating and Amended Operating Agreement of LCO have been executed in Tulsa, OK.

11. Plaintiff made capital contributions through Oklahoma financial institutions and by instruments delivered within the State of Oklahoma.

12. Defendant Jesse Holland's address for business operations and receiving notices, as stated in the Operating Agreement, was 22615 S. 4380 Drive, Vinita, Oklahoma 74301.

13. Business assets of Little Creek Oil, LLC, are located within Nowata and Craig Counties, located in the State of Oklahoma.

14. The complained-of acts referenced herein and in the further factual background below occurred predominantly within the State of Oklahoma.

15. Upon information and belief, each named individual Defendant—Jesse T. Holland, Katie A. Holland, and William F. Elder—is an individual with citizenship in Arkansas.

16. KTW Oil & Gas, LLC, is upon information and belief, an Illinois limited liability company, with one member—William F. Elder.

17. As stated below, KTW has wrongfully received and is holding property and business funds of Plaintiff.

18. This action is brought before this Court based upon 28 U.S.C., § 1332, based upon diversity of citizenship of the parties.

19. The amount in controversy in this action is in excess of $75,000.00, exclusive of interest and costs.

20. For each cause following, Plaintiff reincorporates and realleges each of the preceding paragraphs.

**CAUSE OF ACTION I: BREACH OF FIDUCIARY DUTY BY JESSE HOLLAND**

21. Defendant Jesse Holland, as Member and Manager of LCO, owes obligations to Plaintiff, as the other member of the LLC.

22. Defendant Jesse Holland has failed to duly satisfy and perform these obligations in his capacity as Member and Manager of the LLC.

23. These include failure to keep records, provide accountings, and misuse of business funds in explicit contravention of the Operating Agreement and Amended Operating Agreement of LCO.

24. According to Section 4.4 the Amended Operating Agreement, LCO shall distribute available funds to the Members on a before-payout 75% -- 25% basis to Plaintiff and to Jesse Holland, respectively.

25. Defendant Jesse Holland has breached that agreement to distribute, as no distributions have been made.

26. Further, Section 1.8(d) requires "prior Unanimous Consent of the Members in order to acquire, own, hold, use, invest . . . in real property."

27. Defendant Jesse Holland has breached that agreement by in fact purchasing real property in Longton, Kansas, in contravention of the Amended Operating Agreement.

28. Defendant Jesse Holland has exceeded his delegated Powers to act as Manager, as set forth in Section 6.2 the Amended Operating Agreement, which includes (in pertinent part) that the Manager may NOT, without prior Unanimous Consent of the Members:

(i) Borrow money in excess of $10,000;

(ii) Sell any Company property having a fair market value in excess of $20,000;

(iii) Enter into any contract, involving anticipated total expenditure of over $20,000.

29. Additionally, Defendant Jesse Holland has breached the Compensation provision, Section 6.12 of the Amended Operating Agreement, providing that "no Manager or Officer shall be entitled to any compensation for services rendered to the Company without the prior Unanimous Consent of the Members."

## CAUSE II: BREACH OF CONTRACT BY JESSE HOLLAND

30. Plaintiff reincorporates and realleges all allegations stated above in paragraphs 1-29, further with respect to this Cause.

31. Defendant Jesse Holland has breached his obligations under the LCO Operating Agreement and Amended Operating Agreement.

32. Plaintiff has demanded accounting, distribution, and repayment of its LCO capital contributions as kept and managed by Jesse Holland.

33. Jesse Holland has refused to provide an accounting, to distribute funds as set forth in the Amended Operating Agreement, or to even acknowledge the debt owed to Plaintiff.

## CAUSE III:  ACCOUNTING AS TO JESSE HOLLAND

34. Plaintiff reincorporates and realleges all allegations stated above in Paragraphs 1-33, further with respect to this Cause.

35. Plaintiff is entitled to review all books, records of all accounts, documents, receipts, invoices, checks, and other documents related in any way to the expenses or operation of LCO.  Plaintiff has previously requested all books and records of the LLC,

on numerous occasions, and in face to face meetings in Tulsa, most recently on January 30, 2014 and April 11, 2014.

36. In response to these requests, Plaintiff has received only scant and incomprehensible receipts which have demonstrated either Defendant Jesse Holland's failure to comply, or a failure of proper documentation.

37. Defendant Jesse Holland is under a fiduciary obligation to Plaintiff concerning his management of LCO.

38. In addition, Plaintiff is entitled to an accounting of all monies paid and received by all Defendants, relating to the operation of LCO.

39. Plaintiff's damages as to all Defendants may not be reasonably discoverable by means other than through a full accounting.

40. Plaintiff seeks a Court Order, directing Defendant Jesse Holland to provide a full and complete accounting for the accounting of LCO business records on an expedited basis.

## CAUSE IV: NEGLIGENCE BY JESSE HOLLAND

41. Plaintiff reincorporates and realleges all allegations stated above in Paragraphs 1-40, further with respect to this Cause.

42. Defendant Jesse Holland at all times owed duties to Plaintiff, including the duty to manage the daily operations of LCO, utilizing good business judgment, standards and practices in the oil and gas injury, and in compliance with local, state, and federal law.

43. Defendant Jesse Holland breached his duties owed to Plaintiff.

44. Because of this breach, Plaintiff has been damaged and continues to be damaged as the result of Defendant Jesse Holland's negligence.

## CAUSE V: FRAUD BY JESSE HOLLAND

45. Defendant Jessie Holland represented that he was able to and would in fact perform the legitimate business of the Plaintiff, including among other things, handling business funds of the Plaintiff in all good faith.

46. Although Jesse Holland was requested by Plaintiff to provide accounting documents in the months of September, October, November, and December, 2013, he continued requesting additional time to "gather paper work" in order to demonstrate the scope and extent of LCO's business affairs.

47. On January 28, 2014, Randall Nelson, Member of LCO, made written request for Jesse Holland to bring documentation that revealed LCO's assets, expenses, payments current operations to a January 30 business meeting in Plaintiff's Tulsa offices.

48. Jesse Holland wrote on January 29 that he would bring the requested documentation to the meeting the following day. He attended the meeting and failed to do so.

49. Again in a meeting in person on April 11, 2014, Holland stated that he was collecting and preparing documentation that revealed LCO's assets, expenses, payments current operations.

50. In response to these requests, Plaintiff has received from Holland only scant and incomprehensible receipts, despite a promise to provide bank records, contractual agreements with business partners of LCO, supporting documentation for

expenditures, and among other things, a listing of wells in which LCO has a business interest.

51.    Defendant Jesse Holland knew his assertions—regarding how LCO funds were being spent, supporting documentation underpinning such expenses, and a proper business purpose for such expenses—to be false.

52.    Defendant Jesse Holland rather concealed the nature and extent of his use of LCO business funds, over which Plaintiff has an interest, so that she could take the same from its rightful owner.

### CAUSE VI:  DECEIT/FALSE REPRESENTATION BY JESSE HOLLAND

53.    Plaintiff reincorporates and realleges all allegations stated paragraphs 45-52 above, further with respect to this Cause.

54.    Defendant Jesse Holland wrongfully suggested that he was in fact possessing, holding in trust, and otherwise handling business funds in good faith.

55.    Defendant Jesse Holland concealed his wrongful and tortious actions.

56.    Defendant Jesse Holland did all this with the intent to deceive Plaintiff.

### CAUSE VII:  CONVERSION BY ALL DEFENDANTS

57.    Defendant Jesse Holland wrongfully exerted his dominion and control over property of LCO, in which Plaintiff has an interest; later Defendant Holland wrongfully absconded with said property.

58.    Moreover Defendants Katie Holland, William Elder, and KTW Oil & Gas, LLC, also received LCO property, in which Plaintiff has an interest.

59. Defendants Katie Holland, William Elder, and KTW moreover wrongfully absconded with said property.

60. Specifically because of familial relationship to Jesse Holland, Defendants Katie Holland, William Elder, and KTW Oil & Gas, LLC (through its sole member William Elder), knew that they improperly received LCO funds for the acquisition of working interests in oil wells, and/ or for personal services—which they did not perform, execute, or deliver.

61. All Defendants intentionally failed to return LCO's property, despite their knowledge LCO's request for the return of property, in which Plaintiff has an interest.

## CAUSE VIII:  UNJUST ENRICHMENT BY ALL DEFENDANTS

62. Plaintiff reincorporates and realleges all allegations stated paragraphs 57-61 above, further with respect to this Cause.

63. Plaintiff furnished valuable goods and funds to LCO, with a reasonable expectation of being compensated for its capital contributions.

64. All Defendants, Katie Holland, William Elder, and KTW Oil & Gas, LLC, knowingly accepted the benefit of LCO goods and funds, and would be unfairly benefitted by such goods and funds if no compensation is paid to Plaintiff.

## PUNITIVE DAMAGES

65. All Defendants above acted in an intentional manner and/or through a reckless disregard for the rights of others.  As a result, Plaintiff is entitled to punitive damages in an amount in excess of $75,000, as against each Defendant stated herein.

## WARREN'S DAMAGES

66. Plaintiff incorporates and realleges all of the allegations contained in paragraphs 1 through 65 above.

67. Due to the conduct of each Defendant, Plaintiff has been damaged in an amount in excess of $75,000, on each cause of action, as to each Defendant.

68. Plaintiff seeks punitive damages in excess of $75,000 as to each Defendant.

69. Plaintiff seeks attorney fees against each Defendant, as authorized by law for each Cause.

**WHEREFORE,** premises considered, Plaintiff seeks judgment in its favor against each Defendant in excess of $75,000.00, punitive damages, pre-judgment and post-judgment interest as allowed by law, attorney fees associated with the prosecution of this suit, and any further relief the Court deems proper.

Respectfully submitted,

/s/ Trevor Hughes
Trevor L. Hughes, OBA No. 21229
**JOHNSON & JONES, P.C.**
2200 Bank of America Center
15 West Sixth Street
Tulsa, Oklahoma 74119-5416
Telephone: (918) 584-6644
Fax: (888) 789-0940

*Attorneys for Plaintiff Warren Capital Corporation*

**JURY TRIAL DEMANDED**