**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| (1) WARREN CAPITAL CORPORATION, an Oklahoma Corporation<br><br>　　　　Plaintiff,<br><br>vs.<br><br>(1) JESSE T. HOLLAND, (2) KATIE A. HOLLAND, (3) WILLIAM F. ELDER, Individuals, and (4) KTW Oil & Gas, LLC, a foreign limited liability company.<br><br>　　　　Defendants. | Case No.: 14-CV-236-TCK-TLW |

**JOINT STATUS REPORT**

**JURY DEMANDED:**　　　☒ Yes　　　☐ No

**I.　Summary of Claims:**

On October 11, 2011, Jesse Holland, the Managing Member, and Warren Capital Corporation entered into an Operating Agreement with the Kansas limited liability company known as Little Creek Oil, LLC (hereinafter referenced as "LCO"). Jesse Holland and Warren Capital Corporation are the only two members of Little Creek Oil, LLC. Warren Capital Corporation was signatory to the LCO Operating Agreement, through its President Randall W. Nelson. LCO was organized for the business purpose of "acquir[ing] a portion of the working interests in projects involving multiple leases, which will result in oil and/or gas production."

Based upon Plaintiff's alleged wrongful actions pertaining to LCO mismanagement and wrongful conduct of Jesse Holland and other family members,

Plaintiff's Complaint alleges eight (8) causes of action, as to some or all Defendants herein.

### Claims Against Jesse Holland Only

Plaintiff has alleged (1) the breach of fiduciary duty owed to Plaintiff by Defendant Jesse Holland, as Member and Manager of LCO, among other reasons, for failure to keep records, provide accountings, and misuse of business funds in explicit contravention of the Operating Agreement and Amended Operating Agreement of LCO. Plaintiff also claims that (2) Defendant Jesse Holland has breached contractual and (3) ordinary care (negligence) duties owed to Plaintiff, arising from conduct pleaded in the Complaint. (4) Plaintiff has sought an accounting from Defendant Jesse Holland. Finally, Plaintiff has pleaded acts, which Plaintiff believes have been pleaded with specificity and particularity, that demonstrate Defendant Jesse Holland made knowingly false assertions, to conceal and mischaracterize use of LCO business funds; and Plaintiff alleges these acts and statements constitute (5) fraud and (6) deceit by Jesse Holland.

### Claims Common to All Defendants

As to all Defendants, Plaintiff has pleaded that each have wrongfully received LCO property, and have failed to return the same. These actions, according to the Complaint, constitute (7) conversion and (8) unjust enrichment. Plaintiff has pleaded that the above acts were done either intentionally, or with a reckless disregard for others—such that punitive damages attach.

    **A.**    Claims to be dismissed:  <u>None.</u>

**II.**    **Summary of Defenses:**

All defendants deny the substantive allegations of the Complaint. All defendants have pleaded jurisdictional defenses as defendants allege the amount in controversy as to each individual defendant is less than $75,000.00 and there is no jurisdiction under 28 U.S.C. § 1332. Defendant Katie A. Holland has also pleaded the defense of lack of personal jurisdiction over her. All defendants have pleaded that this is a derivative action under Kansas law (K.S.A. 17-76,130), and that Plaintiff's Complaint does not satisfy Fed. R. Civ. P. 23.1(b) and K.S.A. 17-76,130 for derivative actions. All defendants have pleaded failure to join a necessary party (LCO) under Fed. R. Civ. P. 19. All defendants have pleaded the following additional affirmative defenses: (1) failure to state a claim upon which relief can be granted; (2) failure to plead with particularity the circumstances constituting fraud; (3) failure to sufficiently plead time and place; (4) estoppel; (5) waiver; (6) ratification; and (7) improper venue. **A.** Defenses to be Abandoned**:**  None.

**III.**    **Motions Pending:**  None.

**IV.**    **Stipulations:**

      **A.**    **Jurisdiction Admitted:**    Yes    x  No

Defendants do not admit jurisdiction and have pleaded the affirmative defense of lack of subject matter jurisdiction under 28 U.S.C. § 1332. It is the position of defendants that plaintiff has inflated the monetary amounts of its claims and aggregated its claims against each defendant to reach the amount of $75,000.00. It is the position of defendants that claims of a single plaintiff against multiple defendants cannot be aggregated in order to reach the amount in controversy required to satisfy the

jurisdictional amount for diversity. Defendants rely on the following authority for defendants' position: *American Standard Insurance Company of Wisconsin v. Rogers*, 123 F.Supp.2d 461 (S.D. Ind. 2000); *Jewell v. Grain Dealers Mut. Ins. Co.*, 290 F.2d 11, 13 (5th Cir. 1961); 13D Wright, Miller, Cooper & Freer, *Fed. Prac. & Pro. Juris.* § 3567.3 (3rd ed.). Plaintiff does not agree with defendants' position and asserts there is a basis for jurisdiction against each defendant under 28 U.S.C. § 1332.

Defendant Katie A. Holland has also pleaded the affirmative defense of lack of personal jurisdiction over her. Defendant Katie A. Holland takes the position that she has not had sufficient contact with Oklahoma and that due process requirements cannot be satisfied under the principles of general personal jurisdiction or specific personal jurisdiction. Defendant Katie A. Holland relies on the authority of *Lillard v. Stockton*, 267 F.Supp.2d 1081 (N.D. Okl. 2003) and the U.S. Supreme Court precedents cited therein. Plaintiff does not agree with the position of defendant Katie A. Holland.

**B.     Venue Appropriate:**        ☐ Yes        ☑ No

Defendants have pleaded the affirmative defense of improper venue. As defendants have pleaded there is no personal jurisdiction over defendant Katie A. Holland and LCO is a necessary party under Fed. R. Civ. P. 19, it is the position of defendants that the proper venue of this action, assuming the jurisdictional requirement of 28 U.S.C. § 1332 could be satisfied, is the Western District of Arkansas. Plaintiff does not agree with the position of defendants.

**C.     Facts:**

**D.     Law:**

V.   **Proposed Deadlines**

   A.   **Parties to be added by:**  September 12, 2014

   B.   **Proposed discovery cutoff date:**  November 14, 2014

   C.   **Fact witness lists to be exchanged by:**  August 14, 2014.

   D.   **Proposed Date for Expert Reports by Plaintiff & Defendant:**

   October 10, 2014 for Plaintiff; Defendant to follow by October 24, 2014.

VI.   **Fed. R. Civ. P. 26(f) Discovery Plan**

   A.   **Should any changes be made to the timing, form or requirements for disclosures under Rule 26(a)?**

   ☐ Yes     ☒ No

   B.   **When were or will initial disclosures under Rule 26(a)(1) be made?**

   Disclosures have been made, prior to submission of this Report.

   Note that pursuant to Rule 26(a)(1), initial disclosures must be made within 14 days after you confer for the purpose of preparing this discovery plan.  All parties are under an affirmative duty to (i) comply with the mandatory disclosure requirements, and (ii) notify the Court of any nondisclosure so that the issue can be promptly referred to a Magistrate Judge for resolution.  Failure of any party to disclose information, or failure of any party to bring disclosure issues to the Court's attention in a timely manner, may result in sanctions, including prohibiting the use of that information at trial, pursuant to Rule 37(c)(1).

   C.   **Should discovery be conducted in phases and/or should discovery be limited at this time to the particular subject matters or issues?**

   ☐ Yes     ☒ No

   D.   **Should any changes be made in the limitations on discovery imposed by the Federal Rules of Civil Procedure or the Court's local rules?**

   ☐ Yes     ☒ No

   E.   **Proposed number of fact and expert depositions:**
   1.   **To be allowed for Plaintiff?**          6 fact witnesses
                                                   1 expert witness
   2.   **To be allowed for Defendant?**          6 fact witnesses
                                                   1 expert witness

**F.     Is there any need for any other special discovery management orders by the Court?**

☐ Yes     ☒ No

**VII.    Are Dispositive Motions Anticipated?**

☒ Yes     ☐ No

Defendant Katie A. Holland will file a motion to dismiss for lack of personal jurisdiction over her.

Each defendant will be filing a separate motion to dismiss for lack of subject matter jurisdiction under 28 U.S.C. § 1332.

Each defendant will be filing a motion to dismiss for the failure to include LCO as a party to the action under Fed. R. Civ. P. 19.  Defendants may also include in this motion to dismiss the issues related to whether plaintiff can maintain this derivative action due to the requirements of Fed. R. Civ. P. 23.1(b) and K.S.A. 17-76,130.

**VIII.   Do All Parties Consent to Trial before the Assigned Magistrate Judge?**

☐ Yes     ☒ No

If yes, please attach completed Trial Consent form and indicate the month and year in which trial by the Magistrate Judge is requested.  _____.

**IX.    Is there any matter that should be referred to the assigned Magistrate Judge for final disposition upon partial consent of all the parties pursuant to Local Rule 73.1?**

☐ Yes     ☒ No

**X.     Settlement Plan (check one)**

☐     Settlement Conference Requested after:

Describe settlement judge expertise required, if any:  Magistrate Judge requested.

☒     Private Mediation Scheduled to occur prior to the close of discovery.

☐ Other ADR (Explain)

☐ ADR is not appropriate in this case (Explain)

Has a copy of the Court's ADR booklet been provided to clients as required?

Plaintiff: ☒ Yes ☐ No

Defendant: ☒ Yes ☐ No

**XI.  Does this case warrant special case management?** ☐ Yes ☒ No

**XII.  Do the parties request that the Court hold a scheduling conference?**

☐ Yes ☒ No

If a conference is not requested, or ordered by the Court, the Court will, after receiving this report, issue a scheduling order based on the information contained in this report.

**XIII.  Estimated trial time:** 2 1/2 days

Read and approved by:

/s/ Trevor L. Hughes
Trevor L. Hughes, OBA#21229
JOHNSON & JONES, P.C.
2200 Bank of America Center
Tulsa, Oklahoma 74119
918-584-6644 Phone
888-789-0940 Facsimile
thughes@johnson-jones.com

**ATTORNEYS FOR PLAINTIFF**

-AND-

/s/ Jessie Pilgrim
Jessie V. Pilgrim, OBA No. 11152
Pilgrim Law Firm
2121 S. Columbia Ave., Suite 302
Tulsa, Oklahoma 74114
(918) 879-3700
**ATTORNEY FOR DEFENDANTS**