IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

(1) WARREN CAPITAL CORPORATION, an Oklahoma Corporation

    Plaintiff,

vs.

(1) JESSE T. HOLLAND, (2) KATIE A. HOLLAND, (3) WILLIAM F. ELDER, Individuals, and (4) KTW Oil & Gas, LLC, a foreign limited liability company.

    Defendants.

Case No.: 14-CV-236-TCK-TLW

## PLAINTIFF'S MOTION TO EXTEND AND/OR NOTICE TO THE COURT REGARDING DEADLINE FOR FILING OF DISMISSAL PAPERS

Plaintiff Warren Capital, through counsel, brings this Motion to Extend the Deadline for Filing of Dismissal Papers. In the alternative, Plaintiff notifies the Court of the status of settlement and dismissal of the case, and states as follows.

1. Previously the Court has entered two Minute Orders [Dkt. Nos. 24 & 28], extending the deadlines for the filing of Stipulations of Dismissal in this case.

2. As of one week ago, Plaintiff has completed all due diligence that it referenced in the last Second Joint Motion to Extend the Deadline for Filing of Dismissal Papers (Dkt. No. 27).

3. However Plaintiff believes it has learned of material breaches of the settlement agreement of the parties, such that it has been *unable* in good faith to complete the conveyances as set forth in the parties' October 15, 2014 Mediation settlement Agreement, due to certain Defendant misrepresentations and omissions.

4. Counsel in this case have corresponded about the issue. Most recently Plaintiff's counsel sent email correspondence to Defendants' counsel on March 26. He followed that correspondence with phone calls and messages on March 26 and again on Monday, March 30 to ascertain the status of a plan to move past the dispute, and complete the settlement.

5. On the morning of March 31, Defendant's counsel responded by email correspondence that he had been out of the office attending to an urgent private matter. As a part of that email exchange, both counsel further briefly corresponded about the particulars of the proposal and suggesting a plan for moving forward.

6. Plaintiff is mindful that all litigation must have a logical end point. Plaintiff and undersigned counsel, to the best of their knowledge and understanding, believe that the parties will move forward with mutually acceptable conveyances, as per the Mediator's Settlement Agreement in this case.

7. Plaintiff is <u>not</u> seeking any "additional time for due diligence" going forward.

8. Plaintiff reasonably believes that an acceptable transfer of real property, LLC property, and other interests, will go forward under the Mediator's Settlement Agreement.

9. Toward that end, undersigned counsel held an in person meeting with his client representative on behalf of Plaintiff on Monday, March 30 to discuss the needed conveyances and legal work necessary to complete the transfers of property identified in the Mediator's Settlement Agreement.

10. Nevertheless Plaintiff's counsel states that he was unable, without further input from Defendants' counsel over the past six days, to prepare certain of the conveyances, without further guidance.

11. Without Defendants' input – and without further leave of the court to permit additional time for completion and filing of dismissal papers – Plaintiff must reserve its arguments that the Settlement Agreement has been materially breached (and performance been rendered impossible) by Defendants.

12. In the interest of judicial economy, as well as decorum under FED.R.CIV.PRO. 408, Plaintiff does not believe it appropriate to set forth such arguments in full herein, without further guidance by the Court.

13. *Plaintiff makes alternative requests*. First, Plaintiff requests that the Court reset its deadline for the filing of Dismissal papers – by thirty (30) days – until May 1, 2015.

14. Second, if the Court is not inclined to grant such leave, Plaintiff requests that the Court set a briefing schedule – and advise the parties of any Magistrate assignment, or procedure as may be appropriate – for the parties to set forth their respective positions with respect to any breach issues pertaining to the Mediator's Settlement Agreement in this case.

WHEREFORE, Plaintiff hereby requests that the Court enter an Order instructing the parties in regards to the alternative relief requested either in paragraph 13 or 14 above.

Respectfully submitted,

/s/ Trevor L. Hughes
Trevor L. Hughes, OBA No. 21229
**JOHNSON & JONES, P.C.**
Two Warren Place
6120 South Yale Avenue
Suite 500
Tulsa, Oklahoma 74136
Telephone: (918) 584-6644
Fax: (888) 789-0940

**ATTORNEYS FOR PLAINTIFF**

**CERTIFICATE OF SERVICE**

This is to certify that on April 1, 2015, the undersigned electronically transmitted the attached document to the Clerk of the Court using the ECF system for filing. Based on the records currently on file, the Clerk of the Court will transmit a Notice of Electronic Filing to all ECF registrants:

Jessie V. Pilgrim, Esq.
Pilgrim Law Firm
2121 S. Columbia Ave., Suite 302
Tulsa, Oklahoma 74114

**ATTORNEY FOR ALL DEFENDANTS**

/s/ Trevor L. Hughes